1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   TOBY WADE,                                    1:10-cv-00566-AWI-DLB (HC)

10                   Petitioner,        FINDINGS AND RECOMMENDATION
                                        REGARDING RESPONDENT'S MOTION TO
11          v.                          DISMISS

12                                      [Doc. 10]
     J. HARLEY,
13
                     Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                                  BACKGROUND[1]

19          In the instant petition for writ of habeas corpus, Petitioner challenges the Board of Parole

20   Hearings' November 21, 2008 decision finding him unsuitable for release.

21          Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior

22   Court challenging the parole decision.  The superior court denied the petition in a reasoned

23   decision.  Petitioner then filed a petition in the California Court of Appeal, Third Appellate

24   District.  The petition was summarily denied.  Petitioner filed a petition for review in the

25   California Supreme Court, which was also summarily denied.

26   ///

27   _____

28          [1] This information is derived from the state court documents attached to Respondent's motion to dismiss,
     which are not subject to dispute.

1

1    Petitioner filed the instant federal petition for writ of habeas corpus on April 1, 2010.

2    Respondent filed the instant motion to dismiss on June 9, 2010.  Petitioner filed an opposition on

3    July 2, 2010.

4                                        DISCUSSION

5    A.    Procedural Grounds for Motion to Dismiss

6        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

7    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

8    petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to

9    Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

10   remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

11   to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the

12   ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

13   under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915

14   F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

15   533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254

16   Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

17   authority under Rule 4.

18   B.    Exhaustion of State Remedies

19       A petitioner who is in state custody and wishes to collaterally challenge his conviction by

20   a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

21   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

22   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

23   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

24   1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

25       A petitioner can satisfy the exhaustion requirement by providing the highest state court

26   with a full and fair opportunity to consider each claim before presenting it to the federal court.

27   Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

28   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

                                        2

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

F.3d 1240, 1241 (9ᵗʰ Cir.1998).  For example, if a petitioner wishes to claim that the trial court

violated his due process rights "he must say so, not only in federal court but in state court."

Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

that the "due process ramifications" of an argument might be "self-evident."); Gray v.

Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the

facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9ᵗʰ

Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9ᵗʰ Cir.1998).  In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights'" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus
> exhausted) his federal claims in state court unless he specifically indicated to
> that court that those claims were based on federal law. See Shumway v. Payne,

223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent argues that Petitioner failed to exhaust the claims presented in the federal petition because he relied exclusively on California law.  Respondent's motion is without merit and ignores the plain reading of the petition to the California Supreme Court.

First, Petitioner did not rely exclusively on state law; rather, the petition for review submitted to the California Supreme Court raised the following four claims:[2] (1) "Has the court abused their discretion by rendering a decision that was unsupported by any evidence, and was contrary to state parole laws, deprived Petitioner of his liberty interest, and his state and federal due process rights guarantee[d] by the Fourte[n]th Amendment?"; (2) Did the Board abuse their discretion, and abrogate Petitioner['s] due process and his liberty interest in parole, by rendering a decision contrary to the State's parole law mandatory language by denying Petitioner parole based on his refusal to admit guilt?"; (3) Did the Board's finding of lack of insight into the commitment offense abrogate Petitioner['s] due process because it was arbitrary in the extreme and establish no nexus to Petitioner['s] current danger?"; and (4) Did the Board abrogate Petitioner's due process and liberty interest rights as guarantee under the federal and state constitutions, when they failed to duly consider all the enumerated factors set forth as guidelines

---

[2] It should be noted that the pleadings of pro se litigants are held to a less stringent standard than pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (instructing the federal courts to construe the inartful pleading of pro se actions liberally); Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015 (1941) (pro se petition for habeas corpus "ought not to be scrutinized with technical nicety.")

1  in the state's parole laws and regulations as criteria for parole?"  (Exhibit 5, to Motion.)

2          A fair reading of the petition for review supports the finding that Petitioner presented the

3  federal basis of his claim to the California Supreme Court, and Respondent's argument to the

4  contrary should be rejected.

5          Second, in Hayward v. Marshall, issued prior to the filing of the instant motion to

6  dismiss, the Ninth Circuit specifically found that although there is no independent right to parole

7  under the United States Constitution, the right exists and is created by California's statutory

8  parole scheme and is subject to review under 28 U.S.C. § 2254.  Hayward v. Marshall, 603 F.3d

9  546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371

10  (1987).  On May 24, 2010, the Ninth Circuit further clarified its decision in Hayward, stating the

11  following:

12          Through its state statutory and constitutional law, California has created a parole
       system that independently requires the enforcement of certain procedural and substantive
13     rights, including the right to parole absent 'some evidence' of current dangerousness.
       Hayward, slip op. at 6327-30 (discussing, inter alia, In re Lawrence, 190 F.3d 535
14     (Cal.2008); In re Shaputis, 190 F.3d 573 (Cal.2008); and In re Rosenkrantz, 59 F.3d 174
       (Cal.2002). California law gives rise to a liberty interest on the part of its prisoners
15     covered by its parole system. Having guaranteed the prisoners of the state that they will
       not be denied a parole release date absent 'some evidence' of current dangerousness,
16     California is not permitted under the federal Constitution arbitrarily to disregard the
       'some evidence' requirement in any particular case. It is therefore our obligation, as we
17     held in Hayward, to review the merits of a federal habeas petition brought by a California
       prisoner who asserts that the decision to deny him parole was not supported by 'some
18     evidence' of his current dangerousness. Under AEDPA, this means that we review
       'whether the California judicial decision approving the governor's [or parole board's]
19     decision rejecting parole was an 'unreasonable application' of the California 'some
       evidence' requirement, or was 'based on an unreasonable determination of the facts in
20     light of the evidence.'' Hayward, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

21  Pearson v. Muntz, No. 08-55728, 2010 WL 2108964 *4 (9th Cir. May 24, 2010) (per curiam)

22  (footnote omitted); see also Cooke v. Solis, No. 06-15444, 2010 WL 2330283 * 6 (9th Cir. June

23  4, 2010) (acknowledging that in Hayward v. Marshall, it was "held that due process challenges to

24  California courts' application of the 'some evidence' requirement are cognizable on federal

25  habeas review under AEDPA.")

26          Thus, a plain reading of Hayward, and its progeny, supports the finding that Petitioner

27  adequately presented the existence of his claims to the California Supreme Court, and

28  ///

5

Respondent's motion should be denied.  Indeed, the acceptance of Respondent's argument would be in direct conflict with the holdings of <u>Hayward</u>, <u>Pearson</u>, and <u>Cooke</u>.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the instant petition be DENIED; and

2.      Respondent be directed to file an answer addressing the merits of the instant petition within forty-five days from the date of the final order resolving the instant Findings and Recommendation.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 22, 2010**              _____ **/s/ Dennis L. Beck**_____
                              UNITED STATES MAGISTRATE JUDGE